MICHAEL F. WOOD (DCBN 376312)
RICHARD B. COHEN (CSBN 79601)
BRIAN J. STACK (OSBN 0069796)
JASON M. KATZ (OSBN 0076104)
ALBERT SAMBAT (CSBN 236472)
ANNA TRYON PLETCHER (CSBN 239730)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone (415) 436-6660
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  EARL NELSON,  Defendant. | No. CR-05-00208-11 CRB  UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT EARL NELSON  Hearing Date: March 19, 2008  Time: 2:15 p.m.  Court: Hon. Charles R. Breyer |

Defendant Earl Nelson is scheduled to be sentenced before this Court on March 19, 2008, after having pled guilty on May 16, 2007 to Count 12 of the Superceding Indictment. Pursuant to a Rule 11(c)(1)(B) plea agreement, Mr. Nelson pled guilty to conspiring to rig bids related to a school's E-Rate program application in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Mr. Nelson's co-defendants, with the exception of Judy Green, have also pled guilty. On September 14, 2007, a jury found Ms. Green guilty of the twenty-two counts with which she was charged. She is scheduled to be sentenced before Hon. William H. Alsup on March 19, 2008. The remaining co-defendants are scheduled to be sentenced before this Court on April 9, 2008.

The United States now files this pleading to address the offense conduct and the calculation of the Guidelines, as well as to advise the Court of its sentencing recommendation.

**SENTENCING MEMORANDUM AND MOTION
FOR DOWNWARD DEPARTURE
CR-05-00208-11 CRB**

Based on Mr. Nelson's substantial assistance to the government and based on his history and characteristics, the United States moves for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), to offense level 13.

## DISCUSSION

### I. The Offense Conduct.

The Probation Officer's Report sets out an accurate summary of the facts of this case. See PSR, ¶¶ 7–21. In a nutshell, this case relates to schemes and conspiracies to defraud the Federal Communication Commission (FCC)'s E-Rate program, which was created by Congress to provide funding to connect schools and libraries to the Internet. Ms. Green and her co-conspirators reached a series of agreements to rig bids on numerous projects seeking E-Rate funding located throughout the United States from 1998 through 2004. One of those conspiracies, charged in Count Twelve of the Superseding Indictment, focuses on activity related to the West Fresno Elementary School District ("West Fresno"), located in Fresno, California. Between 1998 and 2001, Mr. Nelson was the Emeryville, California branch manager for Inter-Tel Technologies, Inc., a company that sold and installed telecommunication equipment, including PBXs, data equipment, including switches and routers, and video equipment, and provided maintenance and other services as needed for the equipment it sold. In early 1999, Inter-Tel employees, supervised by Mr. Nelson, began preparing a bid for PBX, video, and data equipment in response to a request for proposal ("RFP") offered by West Fresno. The RFP stated that West Fresno intended to seek funding for such equipment from the E-Rate program.

Various employees of Inter-Tel, supervised by Mr. Nelson, discussed with Ms. Green and others the prospective bid for the West Fresno project. Thereafter, with Mr. Nelson's knowledge and approval, Inter-Tel agreed to refrain from bidding on the West Fresno project and to instead act as a subcontractor to co-defendant Howe Electric. As a result, in accordance with the agreement and with Mr. Nelson's approval, Inter-Tel refrained from submitting a bid directly to West Fresno and instead submitted a subcontract quote to co-defendant Howe Electric.

Ms. Green then successfully caused the West Fresno project to be awarded to Howe Electric as the prime contractor, with Inter-Tel as a subcontractor. Consequently, Howe Electric

1. purchased from Inter-Tel, and had Inter-Tel install, PBX, video, and data equipment at the West Fresno project.

**II.      The Guidelines Calculations.**

The Probation Office has concluded that Mr. Nelson's final offense level is 14 and that his criminal history category is I, which results in a Guidelines range of 15 to 21 months. The United States agrees with these calculations.

Based on Mr. Nelson's substantial cooperation in the United States' investigation, as well as his history and characteristics, the United States respectfully requests that this Court depart below the applicable Guidelines range to offense level 13. The basis of the United States' motion is set out in more detail in Section III, infra.

**III.     Sentencing Recommendation and Motion for Downward Departure.**

Under U.S.S.G. § 5K1.1, the Court may depart from the Guidelines based on a defendant's substantial assistance, and may consider the following reasons when determining the appropriate amount of the reduction:

- A. the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
- B. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
- C. the nature and extent of the defendant's assistance;
- D. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and
- E. the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. Further, this Court should consider the factors set out in 18 U.S.C. § 3553(a) in determining an appropriate sentence, including the nature and characteristics of the defendant.

Here, Mr. Nelson provided the government with significant information and assistance regarding this investigation. Although ultimately not called to testify at trial (where the number of prospective witnesses totaled over 40 and 25 actually testified), Mr. Nelson provided details about the events, gave context and foundation for relevant documents, and was available and willing to testify at trial, had the government called him. When viewed with other information

the government possessed, Mr. Nelson's information proved to be accurate and reliable. Throughout his cooperation, he provided truthful, candid, and complete information regarding his role in the conspiracy, as well as the roles of the other defendants. Mr. Nelson's cooperation, in addition to being entirely truthful, was timely. The parties agreed in principle to the terms of a plea agreement long before the eve of trial.

Mr. Nelson was the supervisor of several employees who actually worked directly with Ms. Green on the conspiratorial activities. It is unclear as to whether Mr. Nelson's employees kept him abreast of the details of their behavior as things progressed in the conspiracies. As the supervisor, Mr. Nelson has accepted responsibility for the activities of his subordinates, even while he sought counsel from others within the corporate hierarchy. Consequently, Mr. Nelson's willingness to accept responsibility for his failure to adequately supervise his subordinates is an additional reason to depart to a level 13.

With respect to the history and characteristics of this defendant, the United States notes that Mr. Nelson is an elderly man who, before being associated with co-defendant Judy Green, had worked in the technology-related industry for years and had no prior history of questionable conduct. The United States believes that these circumstances constitute additional support for the requested departure to offense level 13.

For all of these reasons, although Mr. Nelson's actions were serious, the United States believes that, taking into account the factors set out in U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), Nelson's assistance has been substantial and supports a sentence below the applicable Guidelines range. The United States, accordingly, asks the Court to depart downward to offense level 13. This sentence level appropriately punishes Mr. Nelson for his crime and rewards him for his cooperation. The United States also requests that the Court impose a $100 special assessment.

**IV.     Restitution and Forfeiture.**

The victims are the entities that controlled the E-Rate funds: the FCC and the Universal Services Administrative Company. A civil qui tam action produced settlements with various involved companies, including Inter-Tel, which resulted in substantial civil penalties. Because

**SENTENCING MEMORANDUM AND MOTION
FOR DOWNWARD DEPARTURE
CR-05-00208-11 CRB**                              -4-

that action provided for a recovery of more than actual civil damages, the victims' rights have been addressed.

With respect to the issue of forfeiture, no action is necessary.

## **CONCLUSION**

Based on the defendant Earl Nelson's cooperation with, and substantial assistance to, the government, his history and characteristics, and based on all of the facts of this case, the United States moves for a downward departure to level 13. The Court should also impose a special assessment of $100.

DATED: March 5, 2008

                                                  /s/ Richard B. Cohen
MICHAEL F. WOOD
RICHARD B. COHEN
BRIAN J. STACK
JASON M. KATZ
ALBERT B. SAMBAT
ANNA TRYON PLETCHER
Trial Attorneys
Antitrust Division
U.S. Department of Justice

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE**
**CR-05-00208-11 CRB** -5-

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of March 2008, I caused to be served the foregoing **UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT EARL NELSON** by electronically transmitting a true copy thereof to the person and/or office of the persons set forth below:

Richard Mazer, Esq.
richardbmazer@yahoo.com
Attorney for Defendant Earl Nelson

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 5th day of March 2008 at San Francisco, California.

                                                  /s/ Richard B. Cohen
                                                RICHARD B. COHEN
                                                Trial Attorney